IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEISEAN ELLIOT, #00060503, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| DEPUTY M. CONNER, *et al.*, | ) ) |
| Defendants. | ) |

NO. 3:23-cv-01008

JUDGE RICHARDSON

## MEMORANDUM OPINION

Plaintiff Keisean Elliot, a pretrial detainee in the custody of the Williamson County Jail in Franklin, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Deputy M. Conner, Deputy Sergeant f/n/u Gray, and the Williamson County Sheriff's Office Medical Department, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

### I. SCREENING OF THE COMPLAINT

A. PLRA SCREENING STANDARD

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. <u>SECTION 1983 STANDARD</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. <u>FACTS ALLEGED IN THE COMPLAINT</u>

The allegations of Plaintiff's complaint, the material ones of which are set forth in the following four paragraphs, are assumed true for purposes of the required PLRA screening.

While detained in the Williamson County Jail in Franklin, Tennessee, Plaintiff was sentenced to 44 days of administrative segregation beginning on December 30, 2022, for fighting. A disciplinary officer advised Plaintiff that his release date from segregation would be February 12, 2023.

As of midafternoon on February 12, 2023, Plaintiff had not been released from segregation. He spoke with Deputy Conner, who told Plaintiff: "Dude, chill the fu** out why do you keep having them call me over the dam[n] radio. You will be released from the hole today. Gosh!!!" (Doc. No. 1 at 4). However, Plaintiff was not released from segregation on February 12, 2023.

Inmates at the Williamson County Jail have been afforded only one 30-minute period of outdoor recreation time since December 3, 2022. Plaintiff was unable to avail himself of those 30 minutes because he was in segregation.

Plaintiff has a bullet lodged in his spine which "bothers [him] daily from complications due to the thin mats they issue here at the jail." (*Id*. at 6). Previously, "certified medical staff" had permitted Plaintiff and other inmates with certain medical conditions to possess two mats, which allowed Plaintiff to rest more comfortably, but unspecified individuals recently took the second mats away from inmates. Plaintiff believes the second mats were removed to save money "for the jail . . . [which was] running short of supply due to population of inmates increasing" in June 2023. (*Id*. at 7). Upon grieving this matter, Plaintiff was told by an unidentified individual that, to receive a second mat, "inmates have to have some form or hardware inside the body," and Plaintiff believes that the bullet in his spine qualifies. (*Id*.) Plaintiff states that he "hurt[s] daily." (*Id*.)

As a remedy for this lawsuit, Plaintiff seeks an unspecified amount of monetary damages for his pain and suffering. (*Id*. at 8).

D. ANALYSIS

The complaint alleges claims against three Defendants: Deputy M. Conner, Deputy Sergeant f/n/u Gray, and the Williamson County Sheriff's Office Medical Department (Doc. No. 1 at 1). Both Conner and Gray are sued in their individual and official capacities. (*Id.*)

At the outset, the Court notes that the Williamson County Sheriff's Office Medical Department is not an appropriate entity for suit under Section 1983. *See Haggard v. Medical Lincoln*

*Cnty. Jail*, No. 4:18-cv-046-TWP-SKL, 2018 WL 3674932, at *2 (E.D. Tenn. July 25, 2018) (finding that "jail medical staff" is a non-suable entity under Section 1983) (citing *Monell v. Dep't of Social Svcs.,* 436 U.S. 658, 689-90 n.3 (1978) and *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (concluding "that the defendant medical departments are not 'persons' under § 1983")). Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted under Section 1983 against the Williamson County Sheriff's Office Medical Department. Those claims will be dismissed.

Next, the complaint alleges claims against Defendants Conner and Gray in their individual capacities based on Plaintiff's placement in administrative segregation, the amount of outdoor recreation allowed to County inmates, and the County's failure to provide Plaintiff with two sleeping mats. With respect to those Defendants, Plaintiff first alleges (and the Court accepts as true) that he was sentenced to administrative segregation for a period of 44 days due to fighting and was kept in segregation for 45 days. To determine whether segregation of an inmate from the general jail population involves the deprivation of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment,[1] the Court must determine whether the segregation imposes an "'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.'" *Jones v.*

---

[1] The Eighth Amendment protects inmates serving sentences of imprisonment after conviction, as Decedent was. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). ("The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment.") In the case of state actors like Defendants, Eighth Amendment protections are applicable (when they are applicable) specifically by way of the Fourteenth Amendment. See *Crawford v.* Tilley, 15 F.4th 752, 760 (6th Cir. 2021). In these situations, courts generally speak in terms of "Eighth Amendment" protection without any reference (beyond an initial reference) to the Fourteenth Amendment. Eighth Amendment protection is applicable in the instant case.

By contrast, the Due Process Clause of the Fourteenth Amendment provides the same kind (though not always identical) protection to pretrial detainees. *Richmond*, 885 F.3d at 937 ("The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.") Such protection is generally referred to by courts as "Fourteenth Amendment" protection without any reference (beyond an initial reference) to the Due Process Clause. Fourteenth Amendment protection is inapplicable here.

The complaint alleges that Plaintiff is a pretrial detainee, not a convicted prisoner, so Eighth Amendment protection does not apply to him. *See Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015). But Fourteenth Amendment protection does.

*Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Confinement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 467-73 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010).

Courts in this Circuit have found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest in various circumstances. *See, e.g., Joseph v. Curtin*, 410 F. App'x. 865, 868 (6th Cir. 2010) (finding that placement in segregation for 61 days was not atypical and significant); *Jones*, 155 F.3d at 812-13 (holding that two years of segregation while inmate was investigated for murder of prison guard in riot did not implicate a liberty interest entitling him to due process); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (concluding that more than a year in administrative segregation did not implicate inmate's due process rights); *Webb v. Bucholtz*, No. 1:20-cv-1036, 2021 WL 804721 at *2-3, 2021 U.S. Dist. LEXIS 39326 at *4-7 (W.D. Mich. Mar. 3, 2021) (holding that pretrial detainee's ten-month placement in segregation failed to implicate a liberty interest entitling him to due process). *But cf. Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (finding that 13 years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x. 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (remanding for district court to consider whether plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest).

Here, Plaintiff allegedly served 45 days in segregation after he was involved in a fight. Based on the above precedent and the allegations of the complaint, the Court cannot conclude that Plaintiff's stay in segregation for 45 days, even if it was one day longer than Plaintiff anticipated, under the circumstances described constitutes "an atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87. Thus, the complaint fails to state due process claims under Section 1983 upon which relief can be granted based on Plaintiff's stay in administrative segregation.

Next, the complaint alleges that inmates at the Williamson County Jail are not afforded daily outdoor recreation privileges. The Sixth Circuit has recognized that outdoor recreation, in some undefined form and amount, is necessary for inmates' well-being. *See Walter v. Mintzes*, 771 F.2d 920, 928 (6th Cir. 1985); *Jones v. Stine*, 843 F. Supp. 1186, 1193 (W.D. Mich. 1994). Therefore, a total denial of recreational opportunities may violate the Constitution. *See Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (finding that the Constitution is violated when there is "a total or near-total deprivation of exercise or recreational opportunity, without penological justification, . . . because inmates require regular exercise to maintain reasonably good physical and psychological health."); *McNabb v. Long*, No. 3:18-cv-0067, 2018 WL 2318342, at *4 (M.D. Tenn. May 22, 2018) (finding that prisoner-plaintiff stated a colorable Eighth Amendment claim when he alleged that jail has a policy of denying inmates all outdoor recreation and exercise as well as "from working out at all no matter where in the facility").

This Court and others in this circuit have dismissed numerous claims related to lack of outdoor recreation when there has been some opportunity for prisoners to exercise, whether indoor or outdoor, or when the prisoner has failed to allege any detriment to his health. *See, e.g., Lyle v. Tenn. Dep't of Corr.*, No. 3:16-cv-01441, 2016 WL 3460256, at *2 (M.D. Tenn. June 24, 2016) (where plaintiff alleged that inmates had access to fresh air three days a week and lacked access to outside recreation space and exercise programs or equipment, "[b]ecause Plaintiff acknowledges that he has some opportunity to engage in recreation or exercise several days a week, and does not allege that the limitations on that opportunity have caused him to suffer any adverse effects, his allegations about recreation fail to state a claim for which relief can be granted."); *Anderson v. Rutherford Cnty. Jail*,

No. 3:15-CV-01016, 2015 WL 7283165, at *3 (M.D. Tenn. Nov. 16, 2015) (dismissing claim of lack of outdoor recreation or sunlight where "the plaintiff does not claim that he is denied all opportunity for recreation or physical activity sufficient to maintain reasonably good health, nor does he allege any detriment to his health resulting from being required to exercise indoors rather than outdoors"); *Park v. Morgan*, No. 1:15-cv-182, 2015 WL 1637168, at *2-3 (S.D. Ohio April 10, 2015) (dismissing claim that 60-day recreation restriction, preventing plaintiff from receiving fresh air or sunlight, violated Eighth Amendment); *Clayton v. Lancia*, No. 3:09CV-P294-H, 2009 WL 4928033, at *2 (W.D. Ky. Dec.14, 2009) (dismissing prisoner's Eighth Amendment claim alleging the deprivation of "sunlight and fresh air" during a period of four-month recreational restriction prohibiting outdoor exercise).

Here, Plaintiff alleges that, for a period of over ten months, he was totally deprived of outdoor recreation time, but he does not allege the deprivation of indoor recreation time or the unavailability of sufficient time and space to exercise indoors. He also does not allege that he has been harmed physically by the lack of outdoor recreation.[2] Further, Plaintiff fails to allege that the deprivation of outdoor recreation time resulted from deliberate indifference or was not justified by legitimate penological needs. Thus, in light of the precedent cited above, Plaintiff's allegations do not suggest, even when viewed in the light most favorable to Plaintiff, that he was deprived of the minimal civilized measure of life's necessities. The Court therefore finds that Plaintiff fails to state a claim upon which relief can be granted under Section 1983 related to the denial of outdoor recreation.

Finally, the complaint alleges that the County, in an attempt to save money, reversed its position on providing a second sleeping mat to Plaintiff and other inmates with certain serious medical conditions. Plaintiff has a bullet lodged in his spine which "bothers [him] daily from complications

---

[2] The PLRA requires that any action for emotional injury is barred unless the prisoner can show physical injury. 42 U.S.C. § 1997(e). The physical injury need not be significant, but it must be more than *de minimus. See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citation omitted)

due to the thin mats they issue here at the jail." (Doc. No. 1 at 6). Previously, "certified medical staff" had permitted Plaintiff and other inmates with certain medical conditions to possess two mats, which allowed Plaintiff to rest more comfortably, but one day unspecified individuals removed Plaintiff's second mat, claiming that he did not meet the jail's requirements for it.

Plaintiff's allegations implicate his Fourteenth Amendment right as a pretrial detainee to be free from any punishment at all, *Kingsley*, 576 U.S. at 400, and possibly to "be free from deliberate indifference to serious medical needs." *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022); *see also Howell v. NaphCare, Inc.*, Nos. 21-4132/22-3306, --- F.4th ---, 2023 WL 31633232, at *7 (6th Cir. May 1, 2023) (reversing district court and finding there was a genuine issue of material fact as to whether jail nurse "was reckless by failing to act in the face of an obvious, unjustifiably high risk of harm, amounting to deliberate indifference" when she failed to send distressed pretrial detainee to emergency room and instead placed him in a restraint chair). However, the complaint fails to identify the individuals responsible for denying Plaintiff a second mat and fails to provide any information regarding the state of mind of those individuals. While the complaint names Deputies Conner and Gray as Defendants, it does not indicate, or even at all, that either Defendant played a role in the removal of Plaintiff's second mat. Thus, this claim is subject to dismissal. However, due to the nature of Plaintiff's allegations and his pro se status, the Court will permit Plaintiff the opportunity, if he so chooses, to file an amended complaint identifying the individual(s) responsible for the denial of his second mat and to more clearly articulate his allegations against those individuals.

The Court moves now to Plaintiff's claims against Deputies Conner and Gray in their official capacities. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). According to the complaint, both Defendants are employees of the Williamson County Sheriff's Office. (Doc. No. 1 at 1). It appears then, that Plaintiff

seeks to hold Williamson County, Tennessee ("the County" or "County") liable for the deputies' actions.

A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by the city, county, or its agent. *Monell,* 436 U.S. 658, 690-691. Municipalities are not subject to liability for the deprivation of civil rights under the doctrine of respondeat superior. *See id*. at 691. Thus, for the County to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official County policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. 658, 693); *Regets v. City of Plymouth*, 568 F. App'x 380, 394 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, construed liberally, the complaint identifies two policies relevant to the claims alleged by Plaintiff. First, the complaint alleges that the County has a policy of permitting only extremely limited outdoor recreation time to jail inmates. Second, the complaint alleges that the County has a policy of denying inmates with serious medical conditions access to two sleeping mats as a cost-savings measure. As discussed above, Plaintiff's individual-capacity claims based on the lack of outdoor recreation fail to state claims upon which relief can be granted under Section 1983. Thus, the allegations of the complaint also fail to state official-capacity claims based on the lack of outdoor recreation under Section 1983.

The Court has, however, determined that the complaint potentially could state non-frivolous Section 1983 claims regarding the denial of a second mat to Plaintiff, who is known at the jail to have a serious medical condition, if the complaint is amended to identify the individual(s) responsible for depriving Plaintiff of a second mat. When coupled with Plaintiff's assertion that certain individuals denied Plaintiff a second mat due to a county policy, these allegations could state a non-frivolous claim under Section 1983 against the County.

## II. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that the Williamson County Sheriff's Office Medical Department is not a proper Defendant to this action and that therefore all claims against it should be dismissed.

Further, the Court finds that the complaint fails to state colorable claims under Section 1983 against Deputies Conner and Gray in their individual and official capacities based on Plaintiff's placement in administrative segregation and the amount of outdoor recreation allowed to County inmates. These claims also will be dismissed.

As to Plaintiff's claims regarding a second sleeping mat, the Court will permit Plaintiff an opportunity to amend his complaint to identify the individuals responsible for denying Plaintiff a second mat and to more clearly articulate his claims against those individuals.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE